UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **SAMUEL L. WILLIAMS** | **CIVIL ACTION NO. 23-1637** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| **RICHLAND PARISH DETENTION CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Samuel L. Williams, a prisoner at Richland Parish Detention Center ("RPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately November 16, 2023, under 42 U.S.C. § 1983. He names the following defendants: RPDC, Warden Allen Cupp, Warden Tyler Wade, and Warden Killee Miller.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff alleges: "subject to daily racialism, antagonized, discriminated against, lied on with false rule violation, threaten to receive bodily harm or flat out harmed and talked to like we are children and not adults. [sic]." [doc. # 1, p. 3]. Plaintiff states that he is "targeted by each and every officer, including the wardens . . . because of [his] background . . . ." *Id.*

Plaintiff alleges that some officers spray inmates with mace for no reason. [doc. # 1, p. 3].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff claims that up to eight inmates are placed in holding cells which contain only two beds for two inmates. [doc. # 1, p. 3]. In an amended pleading, Plaintiff claims that after he was in a fight, he was assigned to administrative segregation and placed in a "two man cell" with four other inmates. [doc. # 8, p. 1]. There, he only showered once in nine days. *Id.* He adds that his "mat, sheet, [and] blanket" were "taken every morning . . . at 6:00 a.m." *Id.* He "spoke with every warden about the condition[s] and how unfairly [he] was being treated," but "they responded" that he should not have "gotten in trouble." *Id.*

Plaintiff claims, "our mats are taken from 6 a.m. until 10:30 p.m. or later," and "inmates are forced to sleep on cold hard concrete floor or the steel beds[.]" [doc. # 1, p. 3].

Plaintiff claims that inmates "sometimes don't shower for days or even weeks at a time . . . ." [doc. # 1, p. 3].

Plaintiff claims that inmates "sleep no more than one foot away from the restroom/bathroom area[.]" [doc. # 1, p. 4]. He claims that inmates are forced to walk through pools of water from a broken toilet which contain harmful bacteria, black mold, and feces. *Id.* A urinal was clogged and overflowed into "the bed area," which is "only one foot from the urinals." [doc. # 8, p. 2].

Plaintiff claims that the "shower area has black mold" because it is not cleaned properly and consistently. [doc. # 8, p. 2]. Plaintiff informed "the wardens" about the condition. *Id.*

Plaintiff claims that inmates are denied direct sunlight: the "windows are sealed off[.]" [doc. # 1, p. 4]. He also claims that inmates are denied recreation; he suggests that inmates receive outdoor recreation less than three to four times each week. *Id.*

Plaintiff claims that the water at RPDC is odorous and tastes foul. [doc. # 1, p. 5]. He adds, "The water out of the sinks comes out brown like dirt at times, the same water we drink." *Id.*

Plaintiff claims that RPDC has committed numerous health code violations. [doc. # 1, p. 5].

Plaintiff claims that Warden Cupp threatened to taze him, beat him, or place him in lockdown because Plaintiff sent him a grievance concerning conditions of confinement. [doc. # 1, p. 4]. Cupp allegedly "balled up" the grievance and threw it in the trash. *Id.* In an amended pleading, Plaintiff states that "the threatening incident took place on or about 7/26/2023[.]" [doc. # 8, p. 1]. He claims that when he tried to defend himself against Warden Wade and Warden Cupp's accusations that he bullied people and sold "paper mojo[,]" Wade and Cupp told him "to shut the fuck up and [that] they could have their officer beat [him] and let [him] rot in lockdown." *Id.* Plaintiff is "scared for [his] life at this facility." *Id.*

Plaintiff claims that Warden Cupp "disregarded all D.O.C. rules" concerning living conditions. [doc. # 1, p. 4].

Plaintiff claims that a warden fired him from his line cook position because of "the warden's despise of [him] because of [his] past or what they have against [him] . . . [sic]." [doc. #s 1, p. 5; 8, p. 2]. He was fired before he "got a chance to work." [doc. # 8, p. 2].

Plaintiff seeks (1) a transfer to a different facility and (2) "to have the same equal rights as every other offender." [doc. # 1, p. 6].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a

prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*. A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Transfer**

Plaintiff appears to primarily seek a transfer to a different facility. [doc. # 1, p. 6].

A prisoner, however, has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department." LA. REV. STAT. § 15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a

6

place of his choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should dismiss his request for a transfer and deny his motion for transfer.

**3. Equal Rights**

Aside from a transfer, Plaintiff seeks only "the same equal rights as every other offender." [doc. # 1, p. 6].

Plaintiff, however, does not join this vague request for relief to any cognizable claim. The undersigned does not recognize, for instance, any equal protection claim. In fact, most of Plaintiff's claims involve allegations that he and other inmates were treated equally poorly; in that respect, enjoining defendants to treat Plaintiff as equally as other offenders would not remedy any alleged harm.

At best, Plaintiff alleges:

> I'm subject to daily racialism, antagonized, discriminated against, liked on with false rule violation, threaten to receive bodily harm or flat out harmed and talked to like we are children and not adults. Some officers even go so far as to spray inmates with mace for no reason or provoking. Just to prove a point. I'm being targeted by each and every officer, including the wardens are partaking in the injustice and bias discrimination that goes on inside this detention center because of my background . . . [sic].

[doc. # 1, p. 3]. He formulaically alleges "racialism" and discrimination, but he does not provide sufficient and specific detail to state a plausible claim, and he does not identify a responsible defendant.[3]

---

[3] "A prisoner . . . cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination. Vague and conclusory allegations [of discrimination] are insufficient to raise an equal protection claim." *Jebril v. Joslin*, 2008 WL 416240, at *8 (S.D. Tex. Feb. 12, 2008) (citing *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)). In *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017), the plaintiff alleged that a prison official discriminated against him because of his religion. The Fifth Circuit held that the plaintiff did not state a plausible claim because he failed to "identify any other individuals or groups that he claim[ed] were similarly

Accordingly, the Court should deny Plaintiff's request for "equal rights as every other offender." Because Plaintiff does not seek any other cognizable relief, the Court should dismiss his claims for failure to state claims on which relief may be granted.[4]

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Samuel L. Williams's claims be **DISMISSED WITH PREJUDICE** for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for transfer, [doc. # 1], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

---

situated but received superior treatment from [the official] . . . ." *See also Kennebrew v. Amarillo Parole Off.*, 2022 WL 3287993, at *1 (5th Cir. Aug. 11, 2022) ("As for his conclusory equal-protection claim, Kennebrew has not presented any facts demonstrating that defendants 'intentionally discriminated against him because of membership in a protected class' or that he was 'intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment.'").

[4] *See generally Collins v. King*, 743 F.2d 248, 250 (5th Cir. 1984) (affirming the dismissal of a claim where the prisoner-plaintiff did not "seek any relief on the basis of that incident" of which he complained and where the relief the plaintiff did seek was not appropriate redress).

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of January, 2024.

                                                           Kayla Dye McClusky
                                                           United States Magistrate Judge